IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| eScholar, LLC, | 8:20-CV-135 |
|---|---|
| Plaintiff, | |
| vs. | ORDER TO SHOW CAUSE |
| Nebraska Department of Education, | |
| Defendant. | |

This matter is before the Court on its own motion on a question of subject matter jurisdiction—specifically, whether the Court has jurisdiction over a copyright infringement claim against the State of Nebraska, which generally has sovereign immunity in federal court.

The plaintiff clearly anticipated a sovereign immunity issue, suggesting in its brief in support of its motion for preliminary injunction that the defendant might "in a feeble attempt" claim that as a state agency, it is "quasi-governmental" and has sovereign immunity to the plaintiff's copyright claim. Filing 6 at 20. But as a state agency, *see* Neb. Const. art. VII, § 2, the Nebraska Department of Education is not just "quasi-governmental," but *governmental*, and is generally immune from suit in federal court. See *Doe v. Nebraska,* 345 F.3d 593, 597 (8th Cir. 2003).

The plaintiff does not argue that Nebraska has somehow waived its sovereign immunity. *See* filing 6 at 20-23. Rather, the plaintiff argues that the Copyright Remedy Clarification Act, 17 U.S.C. § 501(a), abrogates the states' sovereign immunity from copyright claims. Filing 6 at 21. And the plaintiff points to a decision from the U.S. District Court for the Eastern District of North Carolina where the court so held. Filing 6 at 21-22 (citing *Allen v.*

*Cooper*, 244 F. Supp. 3d 525 (E.D.N.C. 2017)).

Absent from the plaintiff's brief, however, is any mention of the fact that on appeal, the U.S. Court of Appeals for the Fourth Circuit reversed that ruling and held that Congress lacked authority to abrogate the states' Eleventh Amendment immunity. *Allen v. Cooper*, 895 F.3d 337, 349 (4th Cir. 2018). Similarly missing from the plaintiff's brief is the fact that the U.S. Supreme Court subsequently affirmed the Fourth Circuit's decision, also holding that states retain their sovereign immunity to copyright claims. *Allen v. Cooper*, No. 18-877, 2020 WL 1325815, at *9 (U.S. Mar. 23, 2020).

It certainly appears that the U.S. Supreme Court's decision in *Allen* is dispositive of the plaintiff's copyright claim.[1] And sovereign immunity is a threshold jurisdictional matter that not only may be raised *sua sponte* by the Court, but that the Court has a special obligation to consider. *See Amerind Risk Mgmt. Corp. v. Malaterre*, 633 F.3d 680, 686 (8th Cir. 2011); *Hart v. United States*, 630 F.3d 1085, 1089 (8th Cir. 2011). Accordingly,

IT IS ORDERED:

1. The plaintiff shall show cause, on or before April 23, 2020, why its copyright infringement claim should not be

---

[1] The plaintiff does also suggest that the Court might have jurisdiction pursuant to *Ex Parte Young*, 209 U.S. 123 155-56 (1908), pursuant to which state officials may be sued in their official capacities for prospective injunctive relief when the plaintiff alleges that the officials are acting in violation of the Constitution or federal law. *See Missouri Child Care Ass'n v. Cross*, 294 F.3d 1034, 1037 (8th Cir. 2002). But the plaintiff has named no state officials in its complaint, *see* filing 1, and accordingly has not pleaded an *Ex Parte Young* claim. *Hanks v. Hills*, 373 F. Supp. 3d 1230, 1232 (D. Minn. 2017).

dismissed for lack of subject matter jurisdiction.

2. The defendant may also file a brief addressing the issue of subject matter jurisdiction on or before April 23, 2020.

3. The Clerk of the Court shall enter a show cause deadline of April 23, 2020.

Dated this 13th day of April, 2020.

BY THE COURT:

John M. Gerrard
Chief United States District Judge